UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RICKIE SLAUGHTER,

Plaintiff,

v.

SHANE ESCAMILLA, *et al.*,

Defendants.

Case No. 3:16-cv-00457-MMD-WGC

**ORDER**

Re: ECF No. 43

Before the court is Plaintiff's Motion for Leave to File Second Amended Civil Rights Complaint and Proposed Second Amended Complaint. (ECF No. 43.)

# **I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), now apparently housed at the Saguaro Correctional Center (SCC) in Arizona. He is proceeding pro se with this action pursuant to 42 U.S.C. § 1983. The events giving rise to this action took place while Plaintiff was housed at Ely State Prison. (*Id*.)

Plaintiff filed his original complaint, which the court screened and allowed to proceed on: (1) a retaliation claim in Count I against Escamilla based on allegations that Plaintiff asked for photocopies of grievance-related documentation, and Escamilla refused to verify that the copies had been made contrary to prison policy, and when Plaintiff threatened to file a grievance, Escamilla said he was sick of prisoners filing grievances and if Plaintiff did so, he would not get his papers back; (2) a supervisory retaliation claim and conspiracy to retaliate claim in Count II against Rose based on allegations that Rose was advised of Escamilla's retaliation and allowed the retaliation to continue to occur by fabricating reasons for Escamilla's actions and crafting a false memo accusing Plaintiff of refusing the documents. (Screening Order, ECF No. 3; Compl., ECF No. 4.)

Plaintiff subsequently filed a motion for leave to file a first supplemental and amended civil rights complaint to add claims of retaliation and conspiracy against Rose and a new defendant, caseworker Melissa Travis. (ECF Nos. 14, 14-1.) Plaintiff alleged that Rose retaliated against him again by confiscating his legal papers related to this case and another case in response to Plaintiff's filing of a grievance against Rose and Escamilla. When Plaintiff filed a grievance about that conduct, the grievance responder, Melissa Travis, allegedly threatened to file false disciplinary charges against Plaintiff and have him barred from further access to ESP's law library services. Finally, he claimed that Rose retaliated against him for filing this lawsuit by depriving him of physical access to the law library on several occasions.

Defendants filed a non-opposition to the motion. (ECF No. 15.) The court granted the motion on September 14, 2017 (ECF No. 16), and the amended complaint was filed (ECF No. 17). Defendants Escamilla, Rose and Travis filed an answer on October 5, 2017. (ECF No. 20.) The court issued a scheduling order on October 6, 2017. (ECF No. 21.) The deadline to join additional parties or seek leave to amend was December 5, 2017. (*Id*.) Discovery was to be completed by January 4, 2018. (*Id*.) A motion filed beyond that deadline required a good cause showing. (*Id*.)

The parties served discovery, and Defendants were granted several extensions of time to serve their responses. (ECF Nos. 31, 32, 33, 34, 37, 38.)

On January 8, 2018, Plaintiff filed a motion to amend the scheduling order and extend discovery. (ECF No. 40.) Plaintiff represented that almost immediately after the scheduling order issued he began propounding discovery to Defendants, but then on November 25, 2017, all of his personal property, including his legal documents, were taken from him pursuant to administrative orders to transfer him from ESP to a private prison in Arizona. Plaintiff was transferred to SCC on November 28, 2017. (*Id*. at 2.) He was not given his legal documents until December 28, 2017, so he did not have the pertinent documents so he could file a motion to extend the deadlines. He did not even have the court's address.

He also represented that he came into possession of information that the decision to transfer him was retaliatory, so he needs more time to conduct discovery, and to file a motion for leave to supplement his complaint to include facts related to the retaliatory transfer. (*Id*.) He also mentioned

that some of the discovery propounded remained outstanding. He asked for a sixty-day extension of all deadlines set forth in the scheduling order.

On January 9, 2018, the court entered an order finding good cause existed for granting the motion, and extended the discovery completion date, discovery motions, dispositive motions and pre-trial order deadlines. (ECF No. 41.)

In its order, the court overlooked the component of Plaintiff's motion requesting an extension of the deadline to file a motion for leave to amend.

Plaintiff filed his motion for leave to file a second amended civil rights complaint and proposed second amended complaint on February 16, 2018. In that motion, he states that after Travis was brought into the case, on November 26, 2017, Plaintiff was informed by Correctional Emergency Response Team (CERT) Officer Stephen Mollet that he was being transferred to a prison facility outside of Nevada due to the lawsuits and grievances he had filed against ESP officials, and that Travis, CERT members at ESP and several ESP Wardens were responsible for transferring Plaintiff. Plaintiff was subsequently labeled one of Nevada's 200 most dangerous prisoners, and was transferred to SCC. Accordingly, he seeks to add Count IV, which asserts a retaliatory transfer claim against Travis, Mollett, John Doe Cert. Officers 1-3, and John Doe Wardens 1-3. The proposed second amended complaint also corrects some dates in Count III. The proposed second amended complaint is set forth at ECF No. 43 at 6-21.

Defendants oppose the motion, arguing that the claim he seeks to add is wholly unrelated to his complaint, and this case has gone through extensive discovery, and allowing amendment would prejudice defendants, who are already in the process of drafting a motion for summary judgment. Defendants also mention that the amended scheduling order did not extend the deadline to amend.

## **II. DISCUSSION**

When a motion for leave to amend is filed after entry of the Rule 16 scheduling order deadline, as it is here, the movant cannot "appeal to the liberal amendment procedures afforded by Rule 15." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). Instead, the movant must "satisfy the *more stringent* 'good cause' showing required under Rule

16." *Id*. (emphasis original). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order … will not be disturbed unless they evidence a clear abuse of discretion." *C.F. ex. rel. Farnan v. Capistrano Unified School Dist.*, 654 F.3d 975, 984 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1566 (2012).

"A court's evaluation of good cause is *not* coextensive with an inquiry into the propriety of the amendment … Rule 15." *Johnson v. Mammoth Recreations, Inc.*, 975 F.3d 604, 609 (9th Cir. 1992) (citation and quotation marks omitted) (emphasis added). "Unlike Rule 15(a)'s liberal amendment policy …, Rule 16(b)'s 'good cause' standard primarily considers the diligent of the party seeking amendment." *Id*. In other words, "'[t]he focus of the inquiry is upon the moving party's reasons for seeking modification.'" *Farnan*, 654 F.3d at 984 (quoting *Johnson*, 975 F.3d at 609). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

The court finds good cause exists to modify the scheduling order deadline. The scheduling order provided that a motion for leave to amend or add new parties had to be filed by December 5, 2017. In Plaintiff's motion to extend the scheduling order deadlines, Plaintiff set forth in detail the circumstances leading to his request, i.e., his transfer from ESP to SCC and lack of access to his legal files. The court found that good cause existed to extend the scheduling order deadlines, but inadvertently failed to address the deadline to amend even though Plaintiff indicated an intent to do so.

The court will now address the propriety of Plaintiff's proposed amendment. Plaintiff seeks leave to file a supplemental complaint under Federal Rule of Civil Procedure 15(d). Rule 15(d) allows the court to permit a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

Here, the proposed supplemental pleading asserts a claim based on events that occurred after the filing of the original complaint, but according to Plaintiff, follow a pattern of retaliatory events that culminated in his alleged retaliatory transfer to SCC. The court does not agree with Defendants that these allegations are wholly unrelated to the allegations of the original and first amended complaints. *See Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988) ("While some

relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction.").

The court will alleviate Defendants claims of prejudice concerning discovery and dispositive motions by extending the deadlines one last time.

### III. CONCLUSION

(1) Plaintiff's motion (ECF No. 43) is **GRANTED**;

(2) The Clerk shall **FILE** the Second Amended Complaint (ECF No. 43 at 6-21);

(3) Within **FOURTEEN DAYS** of the date of this Order, the Nevada Attorney General's Office shall file a notice advising the court and Plaintiff of: (a) the names of the defendants for whom it accepts service; and (b) the names of the defendants for whom it does not accept service. For those defendant(s) for whom service will not be accepted, the Attorney General shall file the last known address under seal, but shall not serve Plaintiff with the last known address(es). If the last known address is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address. If service cannot be accepted for any of the named defendants, Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons and specifying a full name and address for the defendant(s). Plaintiff has ninety days from the date of this Order to effectuate service on all defendants. If Plaintiff should require additional time, he must file a motion for an extension of time in accordance with Local Rule IA 6-1. If he requires an extension of time to effectuate service, the motion must be supported by good cause and shall be filed *before* the expiration of the ninety-day period.

(4) Once service is accepted, Defendants will have **TWENTY-ONE DAYS** to file an answer or other response pleading.

(5) The Scheduling Order deadlines are extended as follows:

    Any motion to add parties or seeking leave to amend must be filed on or before **May 25, 2018**.

    Discovery in this action shall be completed on or before **July 24, 2018**.

    The deadline to extend discovery is **July 2, 2018**.

Discovery motions shall be filed and served no later than **July 9, 2018**.

Dispositive motions shall be filed and served no later than **August 23, 2018**.

The Joint Pre-Trial Order shall be filed no later than **September 24, 2018**. If a dispositive motion is filed, the Joint Pre-Trial Order shall be due thirty days after a decision on the dispositive motion.

**IT IS SO ORDERED.**

DATED: March 26, 2018.

WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE