# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RICKIE SLAUGHTER, | 3:16-cv-00457-MMD-WGC |
| Plaintiff, | **ORDER** |
| vs. | Re: ECF No. 46 |
| ESCAMILLA, *et al.*, | |
| Defendants. | |

Before the court is Plaintiff Slaughter's Motion to Compel Discovery and for Sanctions (ECF No. 46).[1] Defendants opposed Plaintiff's Motion to Compel/Motion for Sanctions in a combined filing (ECF No. 51). No timely reply has been received.

Plaintiff's motion to compel addresses five (5) discovery requests served as to Defendants Escamilla and Travis. The court will address the disputed requests separately. First, however, the court takes note of Defendants' contention Plaintiff did not adequately meet and confer to attempt to resolve the discovery disputes. (ECF No. 51 at 2.) While perhaps the Plaintiff could have conversed in greater detail with the Defendants' counsel, in view of the limitations facing an inmate, particularly one who has been transferred to Arizona for housing (*see* ECF No. 39), the court will not deny Plaintiff's motion on that ground. That being said, as discussed at pp. 6-7, even though the court is granting certain of Plaintiff's requests for further discovery responses against Defendants, the court is not granting Plaintiff's sanctions by reason of Plaintiff's failure to complete the meet and confer

---

[1] The component of Plaintiff's motion for sanctions against Defendants was logged on the docket separately as ECF No. 47. This order pertains to both requests for relief sought by Plaintiff Slaughter.

process.

The court will now turn to the specified discovery responses to which Plaintiff takes exception.

**I. Plaintiff's Request for Production No. 4 to Defendant Escamilla:**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

Produce the documents written or electronic which identify the work-shifts that you worked at ESP for each day beginning [sic] from October 16, 2015 through October 26, 2015, including shift logs.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

Defendant produces the Shift Roster for ESP and time sheets for the period of October 16, 2015 through October 26, 2015, identified as **SLAUGHTER 457: Def. Escamilla Resp. to RFPD [1] 001-011.**

**SUPPLEMENTAL REQUEST:**

Escamilla's response needs to include the shift roster starting from October 16, 2015, at 5:00 a.m. through October 16, 2015, 5:00 p.m.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

Defendants produce the shift roster for October 16, 2015, at 5:00 am through October 16, 2015, 5:00 pm, identified as **SLAUGHTER 457: Def. Escamilla Resp. to RFPD [1] 012-014.**

## DISCUSSION

Defendants' opposition to Plaintiff's motion states Defendant Escamilla "mistakenly only produced shift logs for October 16 due to a typographical error when retyping Slaughter's request. Defendants have attached the responsive documents. See Exhibit A." (ECF No. 51 at 2-3.)

Exhibit A to Defendants' opposition submits 63 pages of shift rosters pertaining to the subject time period. (ECF No. 51-1, pp. 1-54.) Defendants' response appears to be sufficient and Plaintiff's objection is overruled.

\* \* \*

**II. Plaintiff's Interrogatory No. 3 to Defendant Travis:**

**INTERROGATORY NO. 3:**

Identify the lawsuits filed by ESP prisoners that have been served upon you naming you as a defendant.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection. This request is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection and without waiving it, Defendant states: I do not track or keep record of lawsuits filed by inmates naming me as a defendant.

**DISCUSSION**

This court has consistently ruled that discovery into other lawsuits filed against a Nevada Department of Corrections (NDOC) Officer is irrelevant and not discoverable. Plaintiff argues this information is relevant because it may relate "to punitive damages" or that it may reveal "absence of mistake or accident . . . because she had been sued for committing similar conduct in other cases." (ECF No. 46 at 5.) Even assuming Defendant Travis has been sued in other cases - even for allegedly similar conduct - whether punitive damages would be appropriate would rise or fall on what Travis did - or did not do - in *this* case. Punitive damages could not be imposed by reason of other inmates' alleged averments. The same holds true as to whether there has been a mistake or similar conduct occurred in other cases. The court cannot delve into the substance, if any, of other inmates' accusations, and will not require Defendant to produce complaints (or even a list of lawsuits) which may have been filed against an NDOC employee.

Plaintiff's objection to Defendant Travis discovery response is overruled.

* * *

**III. Plaintiff's Request for Production No. 3 to Defendant Travis:**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

In reference to your answer to Interrogatory No. 4, if there are documents written or electronic, which describe the training you underwent produce the documents.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

The classification department methodology is listed in Administrative Regulations 500 series.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:**

The AR referenced is Administrative Regulation 740.

Defendants supplemented their response to Request No. 3 but inadvertently left off disclosure of AR 740. If Slaughter had contacted counsel, as he is required, prior to filing this motion, Defendants

1 could have supplemented their response. A copy of AR 740 is produced as Exhibit B. Defendants are
2 looking for any other documents that may be responsive to this request.

**DISCUSSION**

This request is confusing in that it seemingly requests information about Defendant's training she "underwent produce the documents." Plaintiff's motion, however, clarifies that he seeks training Travis underwent "in the area of investigating inmate grievances." (ECF No. 46 at 6.) Defendants' response initially referred to "classification department methodology" which Defendant states was in the "Administrative Regulation 500 Series." In Defendant's supplemental response, Defendant produces a copy of AR 740 as her Exhibit B (ECF No. 51; 51-2, pp. 1-31). The court fails to see how some administrative regulations in the "500 series" or AR 740 respond to the request seeking evidence of Defendant's training. The Defendant's responses do not provide evidence of training for Defendant Travis.

Plaintiff's motion is granted with respect to evidence or documentation of Defendant Travis' training regarding inmate grievances. Defendant shall provide Plaintiff a further supplemental response to this request within twenty-one (21) days of the date of this order.

\* \* \*

**IV. Plaintiff's Request for Production No. 4 to Defendant Travis:**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

In reference to your response to Interrogatory No. 5, if there are documents written or electronic that describe your reasons such NOTIS case notes, segregation informatives or other documents, produce the documents.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

The event happened in real time with the offender refusing to lock down in his assigned housing and directly refusing staff orders. The disciplinary paperwork on the matter was already provided to Inmate Slaughter through the disciplinary process by Shift Sgt.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

I was notified verbally by staff of the offender's refusal to participate and his refusal to follow staff orders. I witnessed inmate Slaughter, Rickie #85902 on the tier playing cards gambling with food

items despite having a lay in order and staff requesting he muster for work assignment. As a result of staff testimony and my observation of the event I wrote a disciplinary infraction for Mr. Slaughter in IR-2016-ESP-000095 OIC #402334. This event was witnessed in real time and did not require investigation on my part. The event was further investigated at the preliminary hearing and disciplinary hearing by the custody staff in charge of the disciplinary hearing process. There are no case notes referencing the above disciplinary misconduct.

## **DISCUSSION**

The dispute here appears to be whether the documents relevant to this response have been produced to Plaintiff. Defendant's response to No. 4 states the "disciplinary paperwork" was provided by Shift Sgt." (ECF No. 51 at 4.) Defendant elaborates on the response with a summary description of the event(s) leading to the disciplinary proceeding in her Supplemental Response, but no additional documents were provided. (*Id.*)

Plaintiff contends he does not have this document. Plaintiff argues further that "the fact that the disciplinary process provided some paperwork on the incident does not relieve Travis of her obligation to produce relevant discovery." (ECF No. 46 at 7.)

The court agrees with Plaintiff. Defendant Travis shall supplement her response to this Request for Production within twenty-one (21) days of the date of this order.

\* \* \*

**V. Plaintiff's Request for Production No. 5 to Defendant Travis:**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

In reference to your response to Interrogatory No. 6; if there are documents written or electronic that describe the investigation you performed then produce the documents.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

As stated previously the event happened in real time with the act of refusal to obey staff orders witnessed by myself as well as the unit staff who issued the order.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

I was notified verbally by staff of the offender's refusal to participate and his refusal to follow staff orders. I witnessed inmate Slaughter, Rickie #85902 on the tier playing cards gambling with food

1 items despite having a lay in order and staff requesting he muster for work assignment. As a result of
2 staff testimony and my observation of the event I wrote a disciplinary infraction for Mr. Slaughter in
3 IR-2016-ESP-000095 OIC #402334. This event was witnessed in real time and did not require
4 investigation on my part. The event was further investigated at the preliminary hearing and disciplinary
5 hearing by the custody staff in charge of the disciplinary hearing process. There are no case notes
6 referencing the above disciplinary misconduct. (ECF No. 51 at 4-5.)

**DISCUSSION**

Defendants' opposition to Plaintiff's motion states that she ". . . responded to both requests attempting to explain that there were no documents responsive to the request. Slaughter's motion demands that the Court order Ms. Travis to supplement with additional documents but she has already stated that the events happened in real time and that there were no documents responsive. Defendants have requested a copy of IR-2016-ESP-000095 and will supplement when it becomes available." (*Id.* at 5.)

Defendants' counsel states that Defendant's response to this request indicated no documents, other than a disciplinary infraction marked as "IR-2016-ESP-000095," are responsive to this request. Counsel represents this document has been requested (presumably from ESP or NDOC) and Defendant states she will supplement her response when available. (*Id.*)

Not having received any reply memorandum from Plaintiff, the court is unable to discern whether this document has been produced to Plaintiff. If it has not, Defendant shall supplement her response within twenty-one (21) days of the date of this order. Counsel shall also verify there are no other documents to this request; if there are documents responsive to the request, they, too, should be produced.

**Request for Sanctions**

While Plaintiff undertook an attempt to resolve this discovery dispute relative to Defendants' initial responses to Plaintiff's discovery (ECF No. 46 at 1-3), Plaintiff did not continue any informal meet and confer discussions *after* Defendants supplemented their discovery responses and before he filed this motion to compel. (*Id.*; ECF No. 51 at 2.) Defendants' counsel represents that after providing their supplemental responses, if Plaintiff had any further objections after receipt of Defendants' supplemental

responses, he "did not make them known to Defendants so that they could attempt to remedy the situation prior to filing a motion to compel. Instead of allowing Defendant that opportunity to supplement further, Slaughter filed his motion to compel and for sanctions." (*Id.*) Plaintiff's motion does not reflect he undertook any further effort to resolve any lingering discovery dispute after receipt of Defendants' supplemental responses (ECF No. 46 at 3). Had Plaintiff done so, the necessity for a motion to compel may have been obviated.

The court therefore declines to impose any sanctions against Defendants, and that component of Plaintiff's motion (ECF No. 47) is **DENIED**.

**IT IS SO ORDERED.**

DATED: April 17, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE