UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RICKIE SLAUGHTER,

Plaintiff,

v.

ESCAMILLA, *et al.*,

Defendants.

Case No. 3:16-cv-00457-MMD-WGC

ORDER

Plaintiff has filed an objection to Magistrate Judge William G. Cobb's minute order (ECF No. 91) denying: Plaintiff's second motion to compel discovery and request for sanctions (ECF No. 67); Plaintiff's second motion for sanctions (ECF No. 68); and Plaintiff's third motion to compel discovery and request for sanctions (ECF No. 69) ("Objection"). (ECF No. 94.) Plaintiff's Objection amounts to an appeal of a magistrate judge's pretrial order. Finding no clear error, the Court overrules the Objection.[1]

In reviewing a magistrate judge's non-dispositive pretrial order, the magistrate's factual determinations are reviewed for clear error. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate's pretrial order issued under § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

///

///

---

[1]The Court has also considered Defendants' response to the Objection (ECF No. 96).

1    Here, across the relevant motions, Plaintiff sought to compel discovery of materials
2    to support his second amended complaint (ECF No. 49) and to have Defendants Melissa
3    Travis and Shane Escamilla and their counsel sanctioned for, *inter alia*, failing to provide
4    requested discovery, for alleged evasive and deceptive tactics regarding discovery, and
5    for "improperly" certifying discovery responses. (ECF Nos. 94, 67, 68, 69.) Plaintiff's
6    pertinent discovery requests focus on his need for documentation of "the criteria used to
7    select [Ely State Prison] prisoners for transfer to Arizona" and for work log information
8    regarding Defendant Escamilla. (ECF No. 94 at 2, 6.)

9    First, the Court finds no error in Judge Cobb's ruling that additional discovery was
10   not needed and his resulting denial of Plaintiff's motions to compel discovery. Judge Cobb
11   denied Plaintiff's motions, finding that "the additional discovery undertaken to resolve the
12   discovery disputes raised in [Plaintiff's] motions has been adequate and sufficient.
13   Furthermore, the Court is making one last attempt to resolve the who and why question
14   as to [Plaintiff's] transfer to Arizona." (ECF No. 91 at 3.) Notably, Plaintiff sought
15   reconsideration of Judge Cobb's ruling regarding ECF No. 67. (ECF No. 93 at 2). In
16   denying reconsideration, Judge Cobb concluded there was no need for additional
17   discovery motions partly because defense counsel provided supplementation per the
18   Court's direction, "which clarifies the process as to how inmates were designated for
19   transfer from Nevada institutions to Arizona." (*Id.*) Judge Cobb's denial of Plaintiff's
20   motions to compel was not clearly erroneous.

21   The Court additionally finds no error as to Judge Cobb's decision not to sanction
22   the referenced Defendants and counsel. In response to Plaintiff's Objection, Defendants
23   essentially highlight that they had been cooperative and contend that Plaintiff cannot show
24   that Defendants' discovery responses or lack of discovery at times requested was a result
25   of sanctionable conduct. (ECF No. 96.) The Court agrees with Defendants. Considering
26   the circumstances of this case and Judge Cobb's finding that the discovery undertaken to
27   ///
28   ///

resolve Plaintiff's discovery disputes have been sufficient and adequate, the Court finds no error in Judge Cobb's denial of Plaintiff's motions for sanctions.[2]

It is therefore ordered that Plaintiff's Objection (ECF No. 94) is overruled.

DATED THIS 26th day of March 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2]Plaintiff's request for counsel for the purpose of further examining "[e]electronic documentation/information within Defendant Travis' possession" (ECF No. 94 at 5–6) is denied.

3