UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICKIE SLAUGHTER,<br><br>                  Plaintiff,<br>v.<br><br>ISIDRO BACA, *et al.*,<br><br>                  Defendants. | Case No. 3:16-cv-00457-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

**I.     SUMMARY**

Plaintiff Rickie Slaughter, an incarcerated person, brought this action pursuant to 42 U.S.C. § 1983. Before the Court is a Report and Recommendation of United States Magistrate Judge William G. Cobb ("R&R") regarding Defendants'[1] motion for summary judgment ("Motion") (ECF No. 107). (ECF No. 120.) In the R&R, Judge Cobb recommends that Defendants' Motion be denied in all aspects, except to the extent Plaintiff seeks damages from Defendants in their official capacities. (*E.g.*, *id.* at 1.) Defendants objected to the R&R (ECF No. 122) and Plaintiff—via counsel—responded (ECF No. 127).[2] For the reasons below, the Court accepts and adopts the R&R in full.

**II.    BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). He was housed at Ely State Prison ("ESP") at the time of the events giving rise to his claims here, but has since been transferred to an out-of-state facility in Arizona. (*See* ECF No. 49.) In his Second Amended Complaint ("SAC"), Plaintiff asserts four claims

///

---

[1]Defendants are Shane Escamilla, Sandra Rose, Melissa Travis and Stephen Mollet. (*See* ECF No. 49.)

[2]Plaintiff brought this action *pro se* and obtained counsel only after Defendants filed their objection to the R&R (ECF No. 123).

(Counts I through IV), making various contentions of retaliation and conspiracy by Defendants. (*Id.*) Plaintiff claims retaliation and/or conspiracy by Defendants for filing grievances (or making claims related to grievances) against them, in the form of, *inter alia*: withholding of his legal copy work, confiscation of his legal documents, refusing to process his copy work request, threats of disciplinary charges and loss of access to library services, denial of physical access to the library, and deprivation of his bedding and mattress for a day. (*Id.* at 3–14.) He also claims retaliation and conspiracy in being transferred to Arizona related to his lawsuits and grievances against ESP officers. (*Id.*)

Further facts and background regarding this matter is included in the R&R (ECF No. 120), which the Court adopts.

### III. LEGAL STANDARD

#### A. Review of Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

In light of Defendants' objection, the Court engages in *de novo* review to determine whether to accept the R&R. Upon reviewing the R&R, related briefing and accompanying exhibits (ECF Nos. 107, 108, 108-1 through 108-7, 109, 110, 117, 119), the Court finds the R&R should be accepted in full.

#### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is

"genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

**IV.  DISCUSSION**

Defendants raise two objections to the R&R. (*See* ECF No. 122.) Defendants first argue that the R&R should be rejected because there are no genuine disputes of fact and Judge Cobb improperly accepted Plaintiff's self-contradicting affidavits, which amounts to sham affidavits unentitled to any credence.[3] (*Id.* at 3–4.) Defendants next rehash their

///

///

---

[3] *See, e.g.*, *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior *deposition testimony*.") (emphasis added); *cf. Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806–07 (1999) (discussing cases involving purely factual contradictions in case involving a legal conclusion and indicating that in both circumstances a plaintiff must provide a sufficient explanation regarding the contradiction to warrant a conclusion by a reasonable juror that could defeat summary judgment).

1  argument that they are entitled to qualified immunity, contrary to Judge Cobb's finding.
2  (ECF No. 122; *see* ECF No. 120 at 18.) These objections are unavailing.

3　　　　To be sure, Defendants' first objection does not directly challenge that Plaintiff's
4  relevant affidavits (ECF No. 117 at 6–15; *id.* at 21–22) create fact issues as to all counts
5  before the Court. (*See* ECF No. 122 at 3–4.) And, this Court finds they do. Defendants'
6  contention is precisely only that the affidavits should not be relied on because they conflict
7  with assertions in the SAC. (*Id.*) On this point, Defendants refer to a single example from
8  pages 5 through 6 of the SAC:

> Among the allegations in the SAC are: (1) Slaughter asked Defendant Escamilla to verify the copy work; (2) Escamilla declined to verify the work, and (3) ESP policy required the work to be verified. (SAC, p. 5:14-21; ECF No. 49, p. 5:14-21.) Escamilla declined to verify the copy work and left, taking the papers with him. (*Id.*, pp. 5-6.)

12  (*Id.* at 2–3.)[4]

13　　　　The Court agrees with Judge Cobb that the affidavits present a different version of
14  the noted facts. (*See* ECF No. 120 at 6–7 (detailing the differences); *see also* ECF No.
15  117 at 6–7, 21–22 (Plaintiff's affidavits).) However, Plaintiff's SAC is to be liberally
16  construed[5] and reasonable inferences are to be drawn in Plaintiff's favor because he is
17  the non-moving party here. As Judge Cobb points out, in addition to his own affidavit
18  Plaintiff provides an affidavit by his cellmate which materially corroborates Plaintiff's
19  affidavit on the substantive facts at issue. (ECF No. 120 at 6–7; *compare* ECF No. 117 at
20  6–7 *with id.* at 21–22.) In his response to the Motion, Plaintiff also relies on his inmate
21  request form, dated October 20, 2015, which can be read consistent with the version of
22  facts Plaintiff now puts forth, despite the stated inconsistency with his SAC, which was
23  filed on March 26, 2018 (ECF No. 49). (*See* ECF No. 117 at 24 ("At no time have I ever
24  ///

---

[4]*Cf.* (ECF No. 49 at 5 (providing relevant to Defendants' prong (1): "Plaintiff Slaughter then asked Escamilla if he could verify that all the copywork [sic] was accounted for and complete").)

[5]*See, e.g., Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

4

1 refused to sign the form, I simply requested to verify that all paperwork (grievances) were
2 present/documented.").) Viewing this evidence together and drawing all reasonable
3 inferences for Plaintiff, the Court declines to reject the challenged affidavits and finds
4 genuine disputes of material fact on all claims.[6]

As to Defendants' qualified immunity contention, Judge Cobb concluded that Defendants are not so entitled because under *Entler v. Gregoire*, 872 F.3d 1031, 1041–42 (9th Cir. 2017)—clearly established law—an inmate cannot be retaliated against for pursuing grievances and civil litigation which are his constitutional rights. (ECF No. 120 at 18.) The Court is unpersuaded by Defendants' relevant objection, which attempts to distinguish *Entler*'s facts from this case. (ECF No. 122 at 6.) The legal premise is unsurmountable here. To be clear, Defendants' argument for qualified immunity is that their actions were taken in accordance with existing prison procedures and because Plaintiff allegedly cannot show the law was clearly established that it was unconstitutional to transfer Plaintiff. (ECF No. 107 at 14–15.) The first part of the argument is disputed by the evidence Plaintiff presents. As to the second part, there is a constitutional violation, at minimum, to the extent Judge Cobb identifies. (*See* ECF No. 122 at 6 (Defendants agreeing that "there is a constitutional right to pursue litigation").) Accordingly, Defendants fail to establish entitlement to immunity.

In sum, the Court overrules Defendants' limited objections and otherwise agrees with the R&R and adopts it in full.

///

///

---

[6]Any concerns regarding Plaintiff's credibility is most properly to be examined by a jury. *See, e.g.*, *Anderson*, 477 U.S. at 254 (internal citations omitted) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."); *see also id.* ("Neither do we suggest that the trial courts should act other than with caution in granting summary judgment or that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.").

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 120) is accepted and adopted in its entirety.

It is further ordered that Defendants' motion for summary judgment (ECF No. 107) is denied, except insofar as Plaintiff seeks to recover damages from Defendants in their official capacities. This case will proceed against Defendants on all counts—Counts I–IV.

DATED THIS 12th day of December 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE