UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICKIE SLAUGHTER,<br><br>                Plaintiff,<br>     v.<br>ESCAMILLA, *et al.*,<br><br>                Defendants. | Case No. 3:16-cv-00457-MMD-WGC<br><br>ORDER |

Plaintiff Rickie Slaughter—now represented by counsel—has filed an objection to Magistrate Judge William G. Cobb's order denying his request to reopen discovery over a year and a half after discovery in this case has been closed (ECF Nos. 65 (discovery due on August 24, 2018), 133, 136 (amended motion), 138). (ECF No. 141). Finding no clear error, the Court overrules the Objection.[1]

In reviewing a magistrate judge's non-dispositive pretrial order, the magistrate's factual determinations are reviewed for clear error. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate's pretrial order issued under § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

Here, Plaintiff contends clear error but really makes no such showing. (*See generally* ECF No. 141.) Instead, Plaintiff materially reargues why he believes discovery

///

---

[1]The Court has also considered Defendants' response to the Objection (ECF No. 142).

should be reopened for various reasons—for further inquiry into certain noted "revelations" related to his transfer from Ely State Prison in Nevada to Arizona and seeking to have his counsel depose Defendants. (*Id.*) In any event, the Court finds no clear error in Judge Cobb denying further discovery—limited or otherwise—in this case. (*See* ECF No. 138.) In the relevant minute order, Judge Cobb highlights the extensive discovery that has already been done in this matter. (*See id.*) This Court has also previously issued on order, in addressing another discovery related objection by Plaintiff, effectively accepting Judge Cobb's conclusion that discovery in this case has been adequate and sufficient. (ECF No. 112.) Nothing that Plaintiff's counsel provides in the Objection leads the Court to second guess the adequacy of discovery in this matter, especially where the Court has already decided issues at the summary judgment stage (*see* ECF Nos. 120, 128). In fact, the Court agrees with Defendants that [d]iscovery should remain closed because Plaintiff has had the benefit of a complete discovery period, with the additional benefit of the Magistrate Judge's oversight into discovery issues, with multiple motions and hearings." (ECF No. 142 at 5 (citing the docket generally).) For these reasons, the Court overrules Plaintiff's Objection.

It is therefore ordered that Plaintiff's Objection (ECF No. 141) is overruled.

DATED THIS 23rd day of March 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE