Nicholas Shook
NV Bar 13400
4865 Fiesta Lakes St.
Las Vegas, NV 89130
E-mail: nick@neonlaw.com
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RICKIE SLAUGHTER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ESCAMILLA, et. al,<br><br>　　　　Defendants | Case No. 3-16-cv-00457-MMD-WGC<br><br>**AMENDED JOINT PRETRIAL ORDER** |

Defendants, Shane Escamilla, Stephen Mollet, Sandra Rose-Thayer, and Melissa Travis, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Peter E. Dunkley, Deputy Attorney General, and Plaintiff, Rickie Slaughter, by and through counsel, Nicholas R. Shook, do hereby submit the following proposed joint pretrial order in this case, and pursuant to LR 16-3 and 16-4. The parties have conferred and circulated drafts. After pretrial proceedings in this case,

**IT IS ORDERED:**

**I.　NATURE OF ACTION AND CONTENTIONS OF THE PARTIES**

**A. Nature Of Action And Identification Of Parties**

This is a pro se prisoner civil rights action brought by inmate Plaintiff Rickie Slaughter ("Plaintiff"), asserting claims arising under 42 U.S.C. § 1983. Plaintiff attained pro bono counsel after the close of discovery.

Shane Escamilla, during the relevant times, was a Correctional Officer at Ely State Prison.

Stephen Mollet, during the relevant times, was a Correctional Officer at Ely State Prison. Mollet does not remember making any statements to Slaughter and is not aware of any inmates

1  being required to live for two days without bedding or a mattress prior to being transferred, and
2  does not remember escorting Slaughter to a bus for transfer to a correctional facility in Arizona.
3        Sandra Rose-Thayer, during the relevant times, was working in the law library at Ely State
4  Prison as a law library supervisor. Rose-Thayer denies withholding access to the library or
5  copywork from Slaughter because of a lawsuit or grievance.
6        Melissa Travis, during the relevant time, was a caseworker at Ely State Prison. Travis
7  denies having any authority to effect an inmate transfer.
8        **B. Contentions Of The Parties**
9            **1. Plaintiff's Contentions**
10       Shane Escamilla, during the relevant times, was a Correctional Officer at Ely State Prison,
11 unlawfully retaliated against Mr. Slaughter for his protected grievance activities by confiscating
12 Plaintiff Slaughter's complaint documents against several NDOC officials.
13       Sandra Rose-Thayer, during the relevant times, was working in the law library at Ely State
14 Prison, failed to rectify Escamilla's violation of Mr. Slaughter's acts and made the situation worse
15 by conspiring further violations of Mr. Slaughter's rights, including confiscating Mr. Slaughter's
16 legal papers, refusing to provide him copy work, denying access to the ESP law library, and
17 threats to fabricate false disciplinary charges against Mr. Slaughter and threats to deny Mr.
18 Slaughter from further law activities.
19       Melissa Travis, during the relevant time, was a caseworker at Ely State Prison, in addition
20 to acting with Sandra Rose-Thayer as evidenced above placed Mr. Slaughter on a list for
21 consideration for Mr. Slaughter to be transferred out of state, and "but for" her placement on that
22 list, Mr. Slaughter would not have been transferred to Arizona as he was not included in the initial
23 list of inmates to be sent out-of-state.
24       Stephen Mollet, during the relevant times, was a Correctional Officer at Ely State Prison
25 directed Mr. Slaughter to pack his possessions which left Mr. Slaughter without a bed for two
26 days prior to being transferred and retaliated against Mr. Slaughter by conspiring with Travis,
27 Rose-Thayer to add Mr. Slaughter's name to the transfer list which he otherwise would not have
28 been added to.

**2. Defendant's Contentions**

Shane Escamilla, during the relevant times, was a Correctional Officer at Ely State Prison. Escamilla followed the applicable ARs and OPs and denies improperly withholding any of Slaughter's copy work. Escamilla denies having any authority to effect an inmate transfer.

Stephen Mollet, during the relevant times, was a Correctional Officer at Ely State Prison. Mollet followed the applicable ARs and OPs and does not remember making any statements to Slaughter, does not remember any inmate was required to live for two days without bedding or a mattress prior to being transferred, and does not remember escorting Slaughter to a bus for transfer to a correctional facility in Arizona. Mollet denies having any authority to effect an inmate transfer.

Sandra Rose-Thayer, during the relevant times, was working in the law library at Ely State Prison as a law library supervisor. Rose-Thayer followed the applicable ARs and OPs and denies withholding access to the library or copywork from Slaughter because of a lawsuit or grievance. Rose- Thayer denies having any authority to effect an inmate transfer.

Melissa Travis, during the relevant time, was a case worker at Ely State Prison. Melissa Travis, during the relevant time, was a case worker at Ely State Prison. Travis denies any authority to effect an inmate transfer.

**II.     STATEMENT OF JURISDICTION**

This is a civil action commenced under 42 U.S.C. § 1983. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**III. UNCONTESTED FACTS ADMITTED BY THE PARTIES WHICH REQUIRE NO PROOF**

A. The following facts are admitted by the parties and require no proof:

**Counts I and II**

1. Mr. Slaughter submitted copy work to the law library on or about October 15, 2015.

2. Defendant Escamilla brought Plaintiff's legal copy work to his cell on or about October 16, 2015.

3. Defendant Escamilla is not required to and did not verify the copy work for Slaughter.

3

4. Defendant Escamilla did not give Mr. Slaughter his paperwork on or about October 16, 2015.

5. Mr. Slaughter did not sign the verification form on or about October 16, 2015.

6. Mr. Slaughter submitted a kite to the law library supervisor on or about October 19, 2015 about how Defendant Escamilla is alleged to have treated Mr. Slaughter.

7. On October 20, 2015, Mr. Slaughter received a response to the kite.

8. On October 26, 2015, Mr. Slaughter received his copywork.

9. Operating Procedure (OP) 714(3) indicates the prisoner requesting copy work to sign a Nevada Department of Corrections Copy Work Request Form (DOC 3064) prior to receiving copies.

**Count III**

10. In May of 2016, Rose-Thayer withheld copy work.

11. On May 18, 2016, Rose-Thayer sent Mr. Slaughter a memorandum indicating her understanding that Mr. Slaughter was not to be in possession of some of the documents for which he had requested copies.

12. On May 31, 2016, Mr. Slaughter sent a kite to Rose-Thayer.

13. On June 1, 2016, Rose-Thayer responded to the kite, acknowledging her misunderstanding of the request and indicating the return of Mr. Slaughter's documents.

14. Law library access was governed by OP 714 which required request forms to be submitted no later than 12:00 noon each Wednesday.

15. OP 714(1) states access is first come first served but that requests will be prioritized according to information on form DOC2049.

16. OP 714(3) does not permit inmates to copy other inmates' legal work.

17. Mr. Slaughter submitted a request which was stamped by "ESP LAW LIBRARY July 12, 2017."

18. Mr. Slaughter was permitted access to the law library on July 25, and 27, 2017.

4

19. Mr. Slaughter did not submit a kite or grievance regarding the alleged retaliation claim relating to the absence of bedding and a mattress prior to his transfer to Arizona.

## IV. FACTS UNADMITTED THAT WILL NOT BE CONTESTED

The following facts, though not admitted, will not be contested at trial by evidence to the contrary:

NONE

## V. CONTESTED ISSUES OF FACT TO BE TRIED AND DETERMINED UPON TRIAL

### A. Plaintiff's Contested Facts

1. Whether Escamilla refused to verify Mr. Slaughter's copywork, denied Mr. Slaughter the opportunity to count his own copywork on or about October 16, 2019.

2. Whether Escamilla taunted Mr. Slaughter and continued to refuse to provide Mr. Slaughter his legal paperwork on or about October 19, 2015, for about a week.

3. Whether Defendant Rose-Thayer falsified a memo to cover-up the fact that Mr. Slaughter could not count his paperwork.

4. Whether Defendant Rose-Thayer wrongfully denied Mr. Slaughter access to the legal library.

5. Whether Mr. Slaughter would not have been considered for a transfer but for the actions of Defendants, Slaughter would have been transferred out of state.

6. Whether Defendant Mollet confiscated Mr. Slaughter's property two days before Mr. Slaughter's transfer out of state, leaving him with nothing in his cell.

7. Whether Mr. Slaughter has suffered unique harm in transferring to a prison not under NDOC supervision.

8. Whether Mr. Slaughter was a high-ranking gang member.

9. Whether there were high-ranking gang members that did not get shipped out of state.

10. Whether Mr. Slaughter was not initially on the list of inmates to be sent out of state when the list was first created by the Offender Management Division.

### B. Defendants' Contested Facts

1. Whether any of the Defendants had authority regarding Mr. Slaughter's transfer to Arizona.
2. Whether any Defendants conduct occurred outside of the applicable ARs or OPs.
3. Whether Mr. Slaughter is fabricating claims to act as leverage for a preferential assignment to a Nevada NDOC facility.
4. Whether Mr. Slaughter can prove any damages for the alleged claims.
5. Whether Travis can authorize a transfer.

**VI. CONTESTED ISSUES OF LAW TO BE TRIED AND DETERMINED UPON TRIAL**

The following are the issues of law to be to be tried and determined at trial:

**A. By the Plaintiff:**

Whether Escamilla and Rose-Thayer violated Mr. Slaughter's First Amendment rights to petition the government without retaliation.

Whether Escamilla, Rose-Thayer, Travis, and Mollet engaged in a civil conspiracy to deprive Mr. Slaughter of his constitutional rights.

Whether Mr. Slaughter suffered damages by being placed in an out-of-state facility.

The Defendants' issues below to their counter-part where applicable.

**B. By the Defendants:**

Whether Escamilla's and Rose-Thayer's efforts to follow NDOC policy OP 714 gives rise to constitutional violation or retaliation claims.

Whether Escamilla's and Rose-Thayer's efforts to follow NDOC policy OP 714 gives rise to a constitutional violation or conspiracy claim.

Whether Rose-Thayer's mere delay in processing copy work because of a mistaken belief that Mr. Slaughter was not authorized to be in possession of other inmate's documents, gives rise to a constitutional violation or retaliation claim.

Whether Rose-Thayer's delay in scheduling law library access during one week, pursuant to OP 714, where access was granted the following week, gives rise to a constitutional violation and retaliation claim.

Whether Mr. Slaughter's transfer to Arizona violated a constitutional right.

1     Whether any of the named Defendants can be liable for Mr. Slaughter's transfer to Arizona
2  where there is an absence of any evidence, authority, AR, or OP, which indicates that the named
3  Defendants could direct such a transfer.
4     Whether Mr. Slaughter is entitled to damages because of a mere delay in receiving copywork.
5     Whether Mr. Slaughter is entitled to damages because of a mere delay in law library access.
6     Whether Mr. Slaughter is entitled to damages because of the alleged two-day absence of
7  bedding and a mattress.
8     Whether Mr. Slaughter exhausted administrative remedies when there is no evidence he
9  attempted to grieve or otherwise notify NDOC of the alleged missing bedding and mattress.
10    Whether the alleged two-day absence of bedding and a mattress is a constitutional violation.
11    Whether Defendants are entitled to qualified immunity defense by attempting to follow
12  NDOC policies.

**VII. EXHIBITS**

14  a.    The following exhibits are stipulated into evidence in this case and may be so marked by
15  the clerk:
16        1. Plaintiff's Exhibits
17            a. The Defendant exhibits as listed below.
18            b. Declaration of Dwayne Deal (ECF No. 87).
19            c. All relevant Kite records filed by Rickie Slaughter.
20            d. Relevant grievances filed by Rickie Slaughter from the years 2015 onward.
21            e. The inventory records filed by Mr. Slaughter during the last three months he was
22                at Ely State Prison.
23            f. NDOC Administrative Regulations as applicable to custody and criteria.500-
24                700.
25            g. Relevant discovery produced and court filings in the instant case.
26            h. Relevant NOTIS or other electronic notes about Mr. Slaughter written by NODC
27                staff during the last year Mr. Slaughter was at Ely State Prison.
28

1                    i. Relevant court documents and new articles about the conditions at Saguaro
2                        Correctional Center from the years 2017 onward.
3            2. Defendants' Exhibits
4                    a. NDOC Administrative Regulation 740, effective date of transfer to Arizona.
5                    b. ESP Law Library Operating Procedure 714, effective October of 2015.
6                    c. ESP Declaration of Sandra Rose-Thayer (ECF No. 108) and exhibits thereto
7                        (ECF Nos. 108-1 through 108-7).
8                    d. Declaration of Stephen Mollet (ECF No. 109).
9                    e. Declaration of Nancy Flores (ECF No. 110).
10                   f. Declaration of Dwayne Deal (ECF No. 87).
11                   g. Mr. Slaughter's Offender Information Summary
12     b. As to the following exhibits, the party against whom the same will be offered objects to
13         their admission on the grounds stated:
14         1. Plaintiff's Exhibits:
15             j. Documents related to the alleged conditions at Saguaro Correctional Center are
16                 worse than at Nevada Department of Corrections facilities. Plaintiff can prove this
17                 with court records that have shown inmates to have their throats slit, appendages
18                 stabbed, and furthermore Saguaro is not taking the necessary precautionary
19                 measures for COVID-19. Basis of objection: relevance to claims and defenses of
20                 this case.
21         k. Court filings from other cases, relevance.
22         2. Defendants' Exhibits:
23             a. Inmate Grievance History, relevance.
24             b. Inmate Disciplinary History, relevance.
25   **C. Electronic Evidence:**
26         None.
27   **D. Depositions:**
28         None.

8

**E. Objections to Depositions:**

None.

## VIII. WITNESSES

**A. Plaintiff's Witnesses:**

   i. **Rickie Slaughter**

   ii. **Rickie Slaughter Sr.**

   iii. **X'Zavione Taylor**

   iv. **Aaron Daniels**

   v. **Anthony Stewart**

   vi. **Donald Taylor**

   vii. **Tasheena Sandoval**
       c/o Peter E. Dunkley, Esq.
       100 North Carson Street
       Carson City, Nevada 89701

   viii. **Larry Lemay**

   ix. **Cedric Dial**

   x. **Kwayshawn Williams**

   xi. Any and all rebuttal witnesses that might be called to respond to claims made by either Defendant or any of their witnesses;

   xii. Any and all other witnesses who have personal knowledge supporting Plaintiff's statements of fact or law cited herein;

   xiii. NDOC official to verify and authenticate exhibits as necessary; and

   xiv. All witnesses identified by Defendant, whether or not called to testify at trial.

**B. Defendants' Witnesses:**

   1. **Rickie Slaughter**

2. **NDOC Warden**
   c/o Peter E. Dunkley, Esq.
   100 North Carson Street
   Carson City, Nevada 89701

3. **Law Librarian ESP**
   c/o Peter E. Dunkley, Esq.
   100 North Carson Street
   Carson City, Nevada 89701

4. **Shane Escamilla**
   c/o Peter E. Dunkley, Esq.
   100 North Carson Street
   Carson City, Nevada 89701

5. **Sandra Rose-Thayer**
   c/o Peter E. Dunkley, Esq.
   100 North Carson Street
   Carson City, Nevada 89701

6. **Melissa Travis**
   c/o Peter E. Dunkley, Esq.
   100 North Carson Street
   Carson City, Nevada 89701

7. **Stephen Mollet**
   c/o Peter E. Dunkley, Esq.
   100 North Carson Street
   Carson City, Nevada 89701

8. **Nancy Flores**
   c/o Peter E. Dunkley, Esq.
   100 North Carson Street
   Carson City, Nevada 89701

9. **Dwayne Deal**
   c/o Peter E. Dunkley, Esq.
   100 North Carson Street
   Carson City, Nevada 89701

10. **Offender Management Division employee**
    c/o Peter E. Dunkley, Esq.
    100 North Carson Street
    Carson City, Nevada 89701

11. **C/o Erikson**
    c/o Peter E. Dunkley, Esq.
    100 North Carson Street
    Carson City, Nevada 89701

12. X'Zavione Taylor

13. Aaron Daniels

14. Anthony Stewart

15. Donald Taylor

16. Any and all rebuttal witnesses that might be called to respond to claims made by either Plaintiff or any of his witnesses;

17. Any and all other witnesses who have personal knowledge supporting Defendants' statements of fact or law cited herein;

18. NDOC official to verify and authenticate exhibits as necessary; and

19. All witnesses identified by Plaintiff, whether or not called to testify at trial. Plaintiff and Defendants reserve the right to interpose objections to the calling of any named witness listed above prior to or at trial.

**IV. TRIAL AVAILABILITY**

The attorneys or parties have met and jointly offer these three trial dates:

1. January 11, 2021

2. January 18, 2021

3. January 25, 2021

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.

**X. TIME EXPECTED FOR TRIAL**

The parties estimate the trial will take 7 to 10 days.

APPROVED AS TO FORM AND CONTENT:

/s/ Nicholas Shook

Signature of Attorney for Plaintiff

_____

Signature of Attorney for Defendants

**XI. ACTION BY THE COURT**

This case is set for court/jury trial on the fixed/stacked calendar on February 8, 2021.

Calendar call will be held on January 19, 2021.

This pretrial order has been approved by the parties to this action as evidenced by their

signatures or the signatures of their attorneys hereon, and the order is hereby entered and will govern the trial of this case. This order may not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice.

DATED: October 14, 2020                              .

_____

UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I certify that I have electronically filed the motion above with the electronic filing system of this court, which all relevant parties registered with.

_____
Nicholas Shook, Esq.
Nevada Bar No. 13400
4865 Fiesta Lakes St.
Las Vegas, NV 89130
510.989.5590
Counsel for Plaintiff